UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JOHN JOSEPH CAHILL,

                              Plaintiff,

        -v-

CAROLYN W. COLVIN, *Acting Commissioner of
Social Security*,

                          Defendant.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/29/2014

12 Civ. 9445 (PAE) (MHD)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      Plaintiff John Joseph Cahill brings this action pursuant to § 205(g) of the Social Security

Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of

Social Security (the "Commissioner"), which denied Cahill's application for disability benefits

under Title II of the Social Security Act.  Both sides have moved for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c).  Before the Court is the October 30, 2014

Report and Recommendation of Magistrate Judge Michael H. Dolinger, recommending that the

Court grant Cahill's motion in part, deny the Commissioner's motion, and remand the case to the

Social Security Administration ("SSA") for further proceedings.  Dkt. 21 (the "Report").  For the

following reasons, the Court adopts the Report in full.

## I.     Background[1]

      Cahill, who is now in his mid-60s, worked as a truck driver and on loading docks from

June 1989 until December 2009, when he incurred a spinal injury on the job.  He performed light

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts
provided in the Report, to which neither party objects.

desk work for the same employer for approximately one year, but he became unable to perform that light work due to back pain, and, as a result, he was terminated in December 2010.

On December 16, 2010, Cahill filed an application for disability benefits, alleging that he had been disabled since December 8, 2010. After the Social Security Administration denied Cahill's application for benefits on February 17, 2011, he timely requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On April 12, 2012, Cahill testified at a hearing before ALJ Roberto Lebron.

On June 28, 2012, the ALJ issued a decision concluding that Cahill suffers from a condition related to his spinal injury and from high blood pressure but is not disabled within the meaning of the Social Security Act. He also determined that Cahill, although unable to work as a truck driver, is able to perform "medium work." In reaching these conclusions, the ALJ significantly discounted the reports of Cahill's treating physicians and assigned greater weight to the opinion of one of the consulting physicians. He also found that Cahill's testimony lacked credibility. The Appeals Council denied Cahill's request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision.

On December 28, 2012, Cahill commenced this action. *See* Dkt. 1 ("Complaint"). The Complaint asserts that the ALJ's decision was erroneous, unsupported by the medical evidence and testimony presented before and during the hearing, and contrary to governing law. *Id.* On June 4, 2013, the Commissioner answered. Dkt. 5.

On June 6, 2013, the Court referred this case to Judge Dolinger. Dkt. 7. On July 17, 2013, Cahill filed a motion for judgment on the pleadings, Dkt. 9, along with a memorandum of law, Dkt. 10. On December 18, 2013, the Commissioner filed a cross-motion for judgment on the pleadings, Dkt. 18, and a supporting memorandum of law, Dkt. 19.

On October 30, 2014, Judge Dolinger issued his Report and Recommendation on the parties' cross-motions for judgment on the pleadings. Judge Dolinger concluded that the ALJ erred by, *inter alia*, failing to acquire complete evidence, incorrectly applying the treating-physician rule, improperly evaluating Cahill's credibility, and making an unsupported residual functional capacity ("RFC") determination. Judge Dolinger also found that the Appeals Council erred by disregarding new and material evidence that emerged after the ALJ had made his determination. Judge Dolinger therefore recommended that the Court remand the case to the Commission to develop the record and reconsider whether Cahill qualifies for disability benefits.

The Report stated that the parties were required to file any objections within 14 days of the date of the Report's issuance. *See* Report at 90. To date, the Court has not received any objections.

## II.   Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC) (AJP), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Mims v. Walsh*, No. 04 Civ. 6133 (BSJ) (FM), 2012 WL 6699070, at *2 (S.D.N.Y. Dec. 23, 2012) (quoting *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006)).

Careful review of Judge Dolinger's thorough and well-reasoned Report reveals no clear error. On the contrary, the Court agrees with the Report's conclusions that evidentiary gaps exist

in the record, and that the ALJ committed a number of legal and factual errors.  On remand, the Commissioner is directed, consistent with Judge Dolinger's Report, to: (1) acquire complete treatment records; (2) clarify the treating physicians' reports where necessary to resolve any ambiguities, inconsistencies, or omissions; (3) properly evaluate Cahill's credibility; (4) reassess Cahill's RFC, consistent with the evidence as to all relevant factors; (5) appropriately determine whether the Grids are applicable; and (6) consider the new evidence Cahill has provided.  The Report, which is incorporated by reference herein, is therefore adopted without modification.

## CONCLUSION

For the reasons articulated in the Report, the Court grants Cahill's motion for judgment on the pleadings in part, denies the Commissioner's cross-motion, and remands the case to the Commission for further development of the record and reconsideration of Cahill's application for disability benefits.  The Clerk of Court is directed to terminate the motions pending at docket numbers 9 and 18, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 29, 2014
       New York, New York

4