```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-2-16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOHN JOSEPH CAHILL,

                Plaintiff,

12 Civ. 9445 (PAE) (MHD)

OPINION & ORDER

-v-

CAROLYN W. COLVIN, Acting Commissioner of
Social Security,

                Defendant.

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

    Before the Court is a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). Plaintiff John Joseph Cahill brought this action pursuant to § 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), who denied Cahill's application for disability benefits under Title II of the Social Security Act. After both parties moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court referred the case to Magistrate Judge Michael H. Dolinger, who, on October 30, 2014, issued a Report and Recommendation, recommending that the Court grant Cahill's motion in part, deny the Commissioner's motion, and remand the case to the Social Security Administration for further proceedings. Dkt. 21 (the "Report"). On December 29, 2014, the Court adopted the Report in its entirety. Dkt. 22. Cahill was later found disabled within the meaning of the Social Security Act. His counsel now seeks an award of $13,875.73 in attorney's fees, which represents 25% of his past-due benefits.

    For the following reasons, the Court grants the motion for fees.

**I.     Discussion**

Under the Social Security Act, when a claimant who is represented in court by an attorney receives a favorable judgment from the court, the court may determine and award "as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Commissioner of Social Security may then "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." *Id.* As such, a fee award under § 406(b) is not the result of any fee shifting between parties, but is instead an amount paid by the social security claimant to his or her own attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Although § 406(b) requires the district court to review the reasonableness of any requested fee, because a contingency fee arrangement is the result of a freely negotiated arrangement between the claimant and his or her attorney, the district court may only reduce the agreed upon contingency fee amount when it finds the amount unreasonable. *Id.* Thus, "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002). To determine the reasonableness of a contingency fee, a court should determine that the fee is within the 25% statutory cap, whether there has been fraud or overreaching in making the contingency agreement, and whether the fee amount is so large that it constitutes a windfall to the attorney. *Wells*, 907 F.2d at 372; *see also Gisbrecht*, 535 U.S. at 808.

Applying these standards, the Court finds the fee requested by Cahill's counsel to be reasonable within the meaning of § 406(b). After being found not disabled under the Social Security Act by the Social Security Administration, Cahill decided to seek judicial review of that

determination and signed a retainer agreement with his attorneys, The Law Offices of Harry J. Binder and Charles E. Binder, P.C. Affirmation of Charles E. Binder, Dkt. 31 (the "Affirmation"), at 2–3 & Ex. A. The agreement provided that, if his appeal were successful, Cahill would pay his attorney a contingency fee of 25% of past due benefits and, if his appeal were unsuccessful, he would pay his attorney nothing. *Id.* Cahill's appeal was successful, and, on November 25, 2015, the Social Security Administration notified Cahill that it withheld 25% of his past-due benefits, an amount of $13,875.73, in anticipation of an attorney's fee award of that amount. *See* Affirmation at Ex. C, at 2.

The Court finds the application for a fee award of $13,875.73 reasonable. Cahill's attorneys, Eddy Pierre Pierre and Charles E. Binder, are experienced and active practitioners in the area of social security benefits litigation. Together, they spent 28.8 hours working on Cahill's case. Affirmation, at 3–4 & Ex. B. This computes to an hourly rate of $481.80. That rate is not inconsistent with fee awards in this area. Moreover, the fee sought does not exceed the 25% statutory cap; there is no claim of fraud or overreaching in the making of the contingency agreement; the fee sought is not so large that it constitutes a windfall to Cahill's attorneys; and it recognizes the risk that Cahill's attorneys took on by undertaking this representation on a contingency fee basis.[1] Notably, too, the Commissioner has no objection to this award. Dkt. 34.

Accordingly, the Court finds an attorney's fees award of $13,875.73 to be reasonable and grants an award in such an amount.

---

[1] Counsel also states that he will remit to Cahill the $5,400 in fees he was previously awarded under the fee provision of the Equal Access to Justice Act, 28 U.S.C. § 2412, Affirmation at 4, which was a proper award so long as the lesser of an amount awarded to an attorney under the Equal Access to Justice Act and under § 406(b) is remitted to the client. *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

## CONCLUSION

For the foregoing reasons, the Court grants Cahill's counsel's motion for $13,875.73 in attorney's fees. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 30, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 2, 2016
       New York, New York